UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

UNITED STATES OF AMERICA,

           Plaintiff,

vs.

$361,095.14 (US) IN FUNDS SEIZED FROM
ACCOUNT NUMBER 2000060875260
HELD AT WELLS FARGO BANK, N.A.,
IN THE NAME OF IGENICARD US, INC.

           Defendant.

_____/

## VERIFIED COMPLAINT FOR FORFEITURE

    Plaintiff, United States of America (hereinafter referred to as the "United States" or the "Government"), by its attorneys, brings this verified complaint for forfeiture and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

    1.    This is an action *in rem* to judicially forfeit all right, title and interest in the defendant to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

### THE DEFENDANT IN REM

    2.    The defendant consists of the following property, which was seized pursuant to warrant on August 22, 2012: **$361,095.14 (US) in Funds Seized from Account Number 2000060875260 held at Wells Fargo Bank, N.A., in the Name of Ingenicard, US, Inc.** (hereinafter referred to as the "Defendant Property."

## JURISDICTION AND VENUE

3.    The United States District Court has subject matter jurisdiction in this cause pursuant to 28 U.S.C. § 1345 and § 1355(a), (b), and (d).

4.    The venue for this cause lies in the Southern District of Florida pursuant to 28 U.S.C. § 1355 and § 1395 as the Defendant Property is located within the Southern District of Florida and will remain within the district during the pendency of this cause or until further order of the District Court.

## BASIS FOR FORFEITURE

5.    The Defendant Property is subject to judicial forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as it is personal property, which constitutes, or is derived from, proceeds traceable to a violation of 18 U.S.C. § 1029 and/or 18 U.S.C. § 1343, which is a "specified unlawful activity" pursuant to 18 U.S.C. § 1961(1)(B), as made applicable by 18 U.S.C. § 1956(c)(7)(A).

## STATEMENT OF FACTS

### *Ingenicard, US, Inc.*

6.    Ingenicard, US, Inc. was incorporated on January 7, 2003, in the State of Florida (Ingenicard, US, Inc. is hereinafter referred to as "IGC").

7.    IGC's principal place of business in the State of Florida is located at the following address: 1000 Brickell Avenue, #100, Miami, Florida.

8.    IGC's officers are the following: Jose R. Estefano (President), Steven Hodges (Chief Technology Officer) and Juan Valmana (Director).

9.  IGC's registered agent in the State of Florida is the following:

Colombo Law Firm, PLC.
888 Biscayne Boulevard, Suite 705
Miami, Florida 33132

### IGC's Debit Card Program for Tax Preparation Businesses

10.  IGC began offering a new debit card program for tax return preparation businesses in 2012. This program permitted clients of a tax return preparation business to receive their income tax refund electronically through a debit card that would be provided to them by the tax return preparation business.

11.  Before a tax return preparation business may participate in IGC's debit card program, it must complete an application process and be approved for participation by IGC. The application process requires the applicant to provide proof of identity of its ownership, proof of its incorporation and provide its electronic filer identification number (hereinafter referred to as an "EFIN").

12.  An EFIN is a number assigned by the United States Internal Revenue Service (hereinafter referred to as the "IRS") to a tax return preparer accepted into its electronic filing (or "e-file") program. To be accepted in the IRS's e-file program and become an authorized IRS e-file provider, tax return preparers must submit an application to the IRS and undergo a screening process. Tax returns filed electronically by an income tax return preparation business are required to have an EFIN associated with the tax return.

13.  Once IGC approves an application to participate in its debit card program, it then issues stacks of unfunded debit cards to the tax return preparation business in increments of one hundred. The income tax return preparation business then issues an unfunded debit card to a client who it determines is owed a refund after completion of the client's income tax return. The

3

client is instructed that he or she will be notified by the income tax return preparation business when the debit card will be available for use.

14.     The process by which the debit cards are funded is the following. When an income tax return claiming a refund is e-filed with the IRS, the United States Department of the Treasury will direct deposit the taxpayer's claimed refund electronically in account number 2000060875260 held at Wells Fargo Bank, N.A., in the name of IGC (account number 2000060875260 is hereinafter referred to as the "IGC **5260** account").

15.     The IGC **5260** account is a separate account that IGC reserves exclusively for income tax refund deposits.

16.     Once an income tax refund is direct deposited electronically in the IGC **5260** account, IGC sends notice of the deposit by e-mail to all of the tax return preparation businesses participating in its debit card program. The notice includes the name of the taxpayer and the amount of the refund deposited. The tax return business that prepared the return will then notify IGC that the refund belongs to one of its client and will provide IGC with its client's name, identification, and a copy of the income tax return it e-filed with the IRS.

17.     After the information provided to IGC has been verified, IGC transfers the income tax refund deposited in the IGC **5260** account to its "clearing account," which is account number 2000048635464 held at Wells Fargo Bank, N.A., in the name of IGC (account number 2000048635464 is hereinafter referred to as the "IGC **5464** account"). The tax preparation business client/ debit card holder is then able to use the card to debit the IGC **5464** account in an aggregate amount not to exceed the value of the refund deposited.

18.     IGC has approximately ten tax return preparation businesses that participate in its debit card program. The participating tax return preparation businesses are required to maintain a

4

file for each of its clients. Each file must include a copy of the tax return prepared by the business, the client's identification and the debit card number associated with the tax return.

### *Unauthorized Access Device Fraud and Wire Fraud*

19.     On April 9, 2012, "J.V." purportedly prepared and electronically filed his/her federal income tax return (Form 1040) for Tax Year 2011 (beginning January 1, 2011, and ending December 31, 2011)(hereinafter referred to as "TY 11") with the IRS. This federal income tax return is hereinafter referred to as the "J.V. Return."

20.     J.V. is an actual living person who, at all times relevant to this cause, resided in the State of Florida.

21.     The J.V. Return lists J.V.'s actual Social Security Number, which is a personal identification number.

22.     However, the J.V. Return is a fraudulent tax return, which was prepared by someone other than J.V. without his/her knowledge or consent and e-filed with the IRS without J.V.'s knowledge or consent.

23.     The J.V. Return is fraudulent in that it makes the following false representations:

(a)     The J.V. Return listed a false mailing address for J.V.;

(b)     The J.V. Return claimed a false source of income for J.V. during TY 11;

(c)     The J.V. Return claimed a false total and adjusted gross income for J.V. during TY 11;

(d)     The J.V. Return listed a false occupation for J.V.; and

(e)     The J.V. Return listed a false preparer of the return.

24.     The J.V. Return claimed a refund in the amount of $3,500 (US) and requested that such refund be direct deposited electronically in the IGC **5260** account.

25.    In response to the false representations made, refund claimed and direct deposit requested by the J.V. Return, the IRS direct deposited $361,095.14 (US) electronically in the IGC **5260** account on or about July 18, 2012. The amount of the refund paid by the IRS exceeded the amount claimed in the J.V. Return because there was a credit balance on J.V.'s account with the IRS due to the estimated tax payments made by him/her during TY 11.

26.    On August 6, 2012, the Honorable John J. O'Sullivan, United States Magistrate Judge, issued a warrant to seize the Defendant Property subject to civil forfeiture, which was executed by agents of the IRS on August 20, 2012.

27.    On October 17, 2012, the IRS commenced an administrative forfeiture proceeding for the Defendant Property by publishing its intent in the Daily Business Journal and by sending direct notice of its intent, among other things, by mail to  IGC's officers: Jose R. Estefano (President), Steven Hodges (Chief Technology Officer) and Juan Valmana (Director).

28.    On November 12, 2012, Jose R. Estefano, on behalf of IGC, filed a claim for the Defendant Property with the IRS.

6

FIRST FORFEITURE ALLEGATION

(18 U.S.C. § 981(a)(1)(C))

*Proceeds Traceable to Access Device Fraud (18 U.S.C. § 1029)*

29.   The allegations contained in paragraphs 6 through 28 of this Verified Complaint for Forfeiture are re-alleged and by this reference fully incorporated herein for the purpose of alleging judicial forfeiture of the Defendant Property to the United States.

30.   Section 981(a)(1)(C) of Title 18 of the United States Code provides that the following property is subject to forfeiture to the United States: "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section 1029 of [Title 18], or a conspiracy to commit such offense."

31.   Section 1029 of Title 18 of the United States Code is violated when someone knowingly and with intent to defraud uses one or more unauthorized access devices during any one-year period, and by such conduct obtains anything of value aggregating $1,000 or more during that period.

32.   Section 1029(e)(1) of Title 18 of the United States Code defines the term "access device" as "any credit card, plate, code, account number, electronic serial number, mobile identification number, **personal identification number**, or other means of account access that can be used, alone or in conjunction with another access device, to get money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument)."

33.   J.V.'s Social Security Number is a personal identification number.

34.     Someone knowingly, and with the intent to defraud the United States, used J.V.'s Social Security Number, alone or in conjunction with another access device, without J.V.'s authorization or consent, to obtain or acquire the Defendant Property in violation of 18 U.S.C. § 1029 .

35.     The Defendant Property constitutes personal property traceable to a violation of 18 U.S.C. § 1029, and is, therefore, subject to judicial forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

<u>SECOND FORFEITURE ALLEGATION</u>

(18 U.S.C. § 981(a)(1)(C))

*__Proceeds Traceable to a "Specified Unlawful Activity" (18 U.S.C. § 1343)__*

36.     The allegations contained in paragraphs 6 through 28 of this Verified Complaint for Forfeiture are re-alleged and by this reference fully incorporated herein for the purpose of alleging judicial forfeiture of the Defendant Property to the United States.

37.     Section 981(a)(1)(C) of Title 18 of the United States Code provides that the following property is subject to forfeiture to the United States: "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of [Title 18], or a conspiracy to commit such offense."

38.     Section 1956(c)(7)(A) of Title 18 of the United States Code defines the term "specified unlawful activity" to mean "any act or activity constituting an offense listed in section 1961(1) of [Title 18]."

39.     Section 1961(1)(B) of Title 18 of the United States Code lists 18 U.S.C. § 1343 (relating to wire fraud) among its enumerated offenses.

8

40.    Section 1343 of Title 18 of the United States Code is violated when someone, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

41.    Someone, having devised, or intending to devise, a scheme or artifice to defraud the United States, or to obtain money, transmitted, or caused to be transmitted, the J.V. Return, which was fraudulent, to the IRS by means of wire without J.V.'s knowledge or consent for the purpose of executing such scheme or artifice.

42.    The Defendant Property constitutes personal property traceable to a violation of 18 U.S.C. § 1343 (relating to wire fraud), and is, therefore, subject to judicial forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

<u>CLAIM FOR RELIEF</u>

WHEREFORE, the United States requests, that all persons who reasonably appear to be a potential claimant to the Defendant Property on the facts known to the Government be directed to file and serve their verified claims and answers as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions or suffer default thereof, and further requests that the District Court declare the Defendant Property condemned and all right, title and interest in it forfeit to the United States and that the United States shall have such other and further relief as may be just and proper in the discretion of the District Court.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: Daren Grove (Court No. A5501243)
Assistant United States Attorney
E-mail: daren.grove@usdoj.gov
99 NE 4th Street - 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9294
Facsimile: (305) 536-4089

<u>VERIFICATION</u>

I, Special Agent Jo Ann Wright, hereby verify and declare under penalty of perjury that I am a Special Agent of the Internal Revenue Service Criminal Investigation, that I have read the foregoing Verified Complaint for Forfeiture and know the contents thereof, and that the matters contained in the Verified Complaint for Forfeiture are true to my own knowledge and my belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Internal Revenue Service Criminal Investigation.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated:

Jo Ann Wright
Special Agent
Internal Revenue Service Criminal Investigation

11